# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN A. DETWILER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-20-156-D |
| | ) |
| TOMMY SHARP, Interim Warden, | ) |
| | ) |
| Respondent. | ) |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 7] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, Judge Purcell finds that the Petition should be summarily dismissed for two reasons: 1) lack of jurisdiction to consider a challenge to Petitioner's sentence in Case No. CF-1996-422 because the Tenth Circuit has denied authorization to file a claim regarding that sentence (*see In re Detwiler*, No. 19-6168 (10th Cir. Jan. 13, 2020); and 2) untimely with regard to his sentence in Case No. CF-1996-423 because the claim is based on *Graham v. Florida*, 560 U.S. 48 (2010), and no basis exists for statutory or equitable tolling of the one-year limitations period of 28 U.S.C. § 2244(d)(1)(C).

Petitioner, who is represented by counsel, has filed a timely Objection [Doc. No. 8]. The Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner objects solely to Judge Purcell's findings that "the Petition is untimely" and "Petitioner is not entitled to an equitable exception" to the running of the limitations period. *See* Obj. at 2.[1] Petitioner asserts that his claim was "not ripe for adjudication" until the Supreme Court decided in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), the retroactivity of a new constitutional right recognized in *Miller v. Alabama*, 567 U.S. 460 (2012). *See* Obj. at 2. Petitioner urges the Court to reject Judge Purcell's reliance on *Dodd v. United States*, 545 U.S. 353 (2005), as "creat[ing] undue prejudice" and "violating equal protection" and as "an arbitrary repeal of congressional intent." *See* Obj. at 4, 5. Petitioner argues, in effect, that *Dodd* was wrongly decided. *Id.* at 5.[2]

Upon *de novo* consideration of the issue of the timeliness of the Petition to challenge the life sentence imposed on Petitioner aa a juvenile offender in Case No. CF-1996-423, the Court finds that the one-year period to bring the claim expired long before this case was filed on February 24, 2020, and before a prior case was filed on October 15, 2019. *See Detwiler v. Sharp*, Case No. CIV-19-944-D, Pet. Writ Habeas Corpus (W.D. Okla. Oct. 15, 2019). The Supreme Court considered in *Dodd* the same statutory language in

---

[1] Petitioner has thus waived further review of Judge Purcell's finding that this Court lacks jurisdiction over a claim regarding Petitioner's sentence in Case No. CF-1996-422. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[2] Petitioner also argues that a fundamental unfairness arises for persons seeking to bring a second or successive petition if a claim must be brought within one year of the date a constitutional right was newly recognized but the claim also requires a retroactivity ruling by the Supreme Court. This argument does not assist Petitioner because he was denied authorization to file a second or successive petition. The Tenth Circuit determined that he "may file a habeas petition in the district court that challenges only the conviction and sentences in CF-1996-423" because he had not previously brought a § 2254 petition regarding that case. *See In re Detwiler*, No. 19-6168, Order at 4.

§ 2255(f)(3) and squarely held that it means the one-year limitations period runs from the date on which a new constitutional right was initially recognized by the Supreme Court rather than the date on which it was made retroactively applicable to cases on collateral review. *See Dodd*, 545 U.S. at 357 ("What Congress has said in [the statutory language] is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court."). Lower courts are bound by the Supreme Court's holding in *Dodd*, regardless of Petitioner's view of it. In fact, the Tenth Circuit has expressly applied the rule of *Dodd* to a habeas claim based on *Miller* and *Montgomery*. *See Madison v. Allbaugh*, 774 F. App'x 504, 505 (10th Cir. 2019) (denying a certificate of appealability because "[r]easonable jurists could not debate that the district court correctly held his petition is untimely").

Further, the Court finds that Petitioner has not presented any facts that might justify equitable tolling. He does not disagree with Judge Purcell's statement of the controlling rule. *See* R&R at 13. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). By itself, a "petitioner's lack of diligence precludes equity's operation." *Id.* at 419. In this case, Petitioner makes no effort to show that he diligently pursued his rights, and therefore, he provides an insufficient basis for a finding of timeliness.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 7] is ADOPTED. This action is dismissed without prejudice as to Petitioner's claim based

3

on Case No. CF-1996-422, and dismissed with prejudice as to Petitioner's claim based on Case No. CF-1996-423.[3] A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

IT IS SO ORDERED this 2nd day of April, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] "It is fundamental, of course, that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal of the . . . claim must be without prejudice." *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (if jurisdiction is lacking, the dismissal must be without prejudice to refiling even if refiling would be futile).

4